UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GRINNELL CORPORATION,
<u>Plaintiff-Appellant,</u>

v.

ROAD SPRINKLER FITTERS LOCAL
UNION NO. 669; UNITED ASSOCIATION

No. 97-1855

OF JOURNEYMEN AND APPRENTICES
OF THE PLUMBING AND PIPEFITTING
INDUSTRY OF THE UNITED STATES AND
CANADA,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Alexander Harvey, II, Senior District Judge.
(CA-94-3309-H)

Argued: December 5, 1997

Decided: January 21, 1998

Before LUTTIG and MOTZ, Circuit Judges, and JONES,
United States District Judge for the
Western District of Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Ira Genberg, SMITH, GAMBRELL & RUSSELL,
L.L.P., Atlanta, Georgia; Christopher Alan Weals, SEYFARTH,

SHAW, FAIRWEATHER & GERALDSON, Washington, D.C., for Appellant. William Walter Osborne, Jr., OSBORNE LAW OFFICES, P.C., Washington, D.C.; Sally Momsen Tedrow, O'DONOGHUE & O'DONOGHUE, Washington, D.C., for Appellees. **ON BRIEF:** Dana M. Richens, SMITH, GAMBRELL & RUSSELL, L.L.P., Atlanta, Georgia; Wilbur D. Preston, Jr., Robert M. Wright, WHITE-FORD, TAYLOR & PRESTON, L.L.P., Baltimore, Maryland, for Appellant. Robert Matisoff, O'DONOGHUE & O'DONOGHUE, Washington, D.C., for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Grinnell Corporation, a designer, manufacturer, and installer of fire sprinkler systems, has for years engaged in a fiercely-contested labor dispute with the Road Sprinkler Fitters Local Union No. 669 and the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada. While that case was pending before the National Labor Relations Board (NLRB), Grinnell brought this action against the local and national union alleging, in a seven count complaint, various antitrust, labor law, and state tort claims.

After two years of extensive discovery, the parties filed dispositive summary judgment motions. Based on what the district court accurately characterized as "a massive record" including dozens of depositions, "voluminous exhibits," the transcript of a twenty-two day hearing before the ALJ in the related NLRB proceedings, and the ALJ's opinion (now on appeal to the NLRB) finding that Grinnell had committed various unfair labor practices, the court granted the defendants' motions for summary judgment on the antitrust and labor law claims and dismissed the state law claims. See Grinnell Corp. v. Road

2

Sprinkler Fitters Local Union No. 669, No. H-94-3309 (D. Md. June 3, 1997). Grinnell appeals the grant of summary judgment on an antitrust claim and on two labor law claims.

Grinnell's principal contention, alleged in Count I of its complaint, is that defendants conspired with the National Fire Sprinkler Association (NFSA), a trade association to which Grinnell belongs and to which prior to September, 1993, it had assigned its collective bargaining rights, to engage in activity amounting to an illegal restraint of trade under Section 1 of the Sherman Act. See 15 U.S.C.A. § 1 (West 1997). Grinnell asserts that defendants and NFSA conspired to withdraw the availability of a job program known as targeting from Grinnell in order to force Grinnell to reassign its bargaining rights to NFSA. Under this program, a contractor and the local union would negotiate concessionary rate agreements as to an individual project in a particular geographical area so the contractor might be able to compete with lower-cost, nonunion contractors. Grinnell also claims that, in an effort to standardize contract terms and employment conditions within the sprinkler industry, the defendants and NFSA conspired, during the course of negotiating their collective bargaining agreement, to prevent Grinnell from obtaining more favorable collective bargaining terms.

"[C]onduct as consistent with permissible competition as with illegal conspiracy, does not, standing alone, support an inference of antitrust conspiracy." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986). See also Thompson Everett, Inc. v. National Cable Advert. L.P., 57 F.3d 1317, 1323 (4th Cir. 1995). Thus, to survive a summary judgment motion an antitrust plaintiff must "establish . . . a conscious commitment" to achieve an unlawful objective by common scheme, and must also "bring forward evidence that excludes the possibility that the alleged co-conspirators acted independently or based on a legitimate business purpose." Laurel Sand & Gravel, Inc. v. CSX Transp., Inc., 924 F.2d 539, 542-43 (4th Cir.), cert. denied, 502 U.S. 814 (1991) (internal quotation marks omitted). As in Laurel Sand, here the district judge concluded that the undisputed facts demonstrated that Grinnell could not "discharge this burden." Id. Judge Harvey explained that"[t]he record discloses as a matter of law first that defendant Local 669 acted unilaterally in withdrawing from Grinnell the right to participate in the job targeting pro-

3

gram and second that the Union and the NFSA did not illegally conspire during their collective bargaining to prevent Grinnell from obtaining more favorable bargaining terms." Moreover, the judge further concluded, "assum[ing], arguendo , that there is a dispute of material fact as to the existence of a conspiracy between the NFSA and the Union," the non-statutory labor exemption from antitrust liability shielded the alleged restraint.

Grinnell also claims (and alleges in Count II) that by withdrawing targeting opportunities from Grinnell, the defendants forced Grinnell to assign its bargaining rights to NFSA or to sign an Assent and Interim Agreement binding Grinnell to their collective bargaining agreement, and thus violated § 8(b)(4)(ii)(A) of the National Labor Relations Act, 29 U.S.C.A. § 158(b)(4)(ii)(A) (West 1973). Judge Harvey held that "[t]here is no evidence in this record that Grinnell was either forced by defendants or even asked during negotiations with the Union to once again become a member of the NFSA bargaining unit." The judge concluded that "on this record [ ] the Union by its conduct here was not requiring Grinnell to join the NFSA [bargaining unit] or unlawfully coercing it in some other manner." Grinnell's final claim, contained in Count IV of the complaint, is that the defendants engaged in an illegal secondary boycott in violation of § 8(b)(4)(ii)(B) of the NLRA, 29 U.S.C.A.§ 158(b)(4)(ii)(B) (West 1973). Again, Judge Harvey rejected Grinnell's position, concluding that the company had produced insufficient evidence to raise a genuine issue of disputed fact as to whether the defendants engaged in illegal secondary boycott activity.

On appeal, Grinnell repeats the arguments made below, asserting that the district court ignored evidence supporting its claims. After a painstaking review of the record, as well as consideration of the briefs, relevant statutes, case law, and the oral arguments of the parties, we conclude that Judge Harvey's assessment of the evidence was accurate and his rulings correct. Accordingly, we affirm on the basis of the careful reasoning of the district court.

AFFIRMED